UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **Protective Order** |
| v. | **21 Cr. 428 (ER)** |
| ROBERT JEFFREY JOHNSON,<br>ROSS BALDWIN, and<br>KATHLEEN HOOK,<br><br>*Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16(a), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, *Brady v. Maryland*; 18 U.S.C. § 3500, and *Giglio v. United States*, all of which will be referred to herein as "disclosure material."  The Government's disclosure material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities, including the defendants; (ii) contains personal identifying information, including but not limited to dates of birth, social security numbers, home addresses, and bank account information, including personal identification information of the defendants; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material**. Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction. The Government's

designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

5. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

6. Disclosure material may be disclosed by defense counsel to:

(a) The defendants;

(b) Personnel employed by or retained by defense counsel, as needed for purposes of defending this action; and

(c) Prospective witnesses and their counsel for purposes of defending this action.

7. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

8. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent

consent of the Government or Order of the Court.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Return or Destruction of Material

9.   Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the conclusion of any collateral attack; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

### Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

Dated: New York, New York
      July 23 , 2021

SO ORDERED:

_____
THE HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

**<u>Consent to Entry of Protective Order</u>**

I, David Seltzer, Esq., have read and reviewed the proposed Protective Order in the case of

<u>United States</u> v. <u>Robert Jeffrey Johnson et al.</u>, 21 Cr. 428 (ER), and I consent to the entry of the Order

on behalf of my client, Robert Jeffrey Johnson.


_____
David Seltzer, Esq.
Attorney for Robert Jeffrey Johnson

4

### Consent to Entry of Protective Order

I, Nathan Diamond, Esq., have read and reviewed the proposed Protective Order in the case of

United States v. Robert Jeffrey Johnson et al., 21 Cr. 428 (ER), and I consent to the entry of the Order

on behalf of my client, Ross Baldwin.


_____
Nathan Diamond, Esq.
Attorney for Ross Baldwin

5

**<u>Consent to Entry of Protective Order</u>**

I, Mark Gombiner, Esq., have read and reviewed the proposed Protective Order in the case of

<u>United States</u> v. <u>Robert Jeffrey Johnson et al.</u>, 21 Cr. 428 (ER), and I consent to the entry of the Order

on behalf of my client, Kathleen Hook.


_____
Mark Gombiner, Esq.
Attorney for Kathleen Hook

6