

HOWARD SREBNICK, *Partner*
305.371.6421 (Office)
305.608.2600 (Mobile)
hsrebnick@royblack.com

**MEMO ENDORSED**

February 8, 2024

**Via Electronic Case Filing**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> A telephone conference will be held on February 14, 2024, at 11 a.m. The parties are instructed to call (877) 411-9748 and enter access code 3029857# when prompted.
> SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: 2/9/2024
> New York, New York

**Re:** *United States v. Robert Jeffrey Johnson, et al.*, **No. 21-CR-428**
**Request for a Telephonic Status Conference**

Dear Judge Ramos:

Trial is scheduled for March 4, 2024. A final pretrial conference is scheduled for February 29, 2024 at 2:30 p.m.

On January 11, 2024, defendants filed their *Renewed* Joint Motion for Order Approving Subpoenas and Requiring Pretrial Production of Subpoenaed Documents [DE#117], requesting that the Court enter "an order requiring certain witnesses listed below to comply with subpoenas duces tecum by January 29, 2024." The motion informed that "the government advises it does not oppose defendants filing the motion, and if the motion is granted will not oppose the request for early delivery of the materials. With respect to the substance, and in particular the requirements under *Nixon*, at this time the government takes no position on the defendants' requests." *Id.* at 7.

The renewed motion remains pending. Given the impending trial date, defendants urge the Court to enter the requested order as soon as practicable because, to date, the witness (Warith Deen Muhammad (the principal of Niagra Gold & Silver, LLC), has produced no records.

In addition, in its *Opinion & Order* [DE#110], the Court denied defendants' joint motion to sever "without prejudice to renewal as the trial proceeds." DE#110 at 27. The Court based its decision, in part, on its perception that

Honorable Edgardo Ramos
February 8, 2024
Page 2
_____

defendants "concede that they are unsure whether they would testify at their severed trials" *Id.* at 7. Actually, in the joint motion and consolidated reply, defendants unequivocally committed to testifying at *severed* trials. Joint Motion [DE#72] at 2 ("At a separate trial—before a jury adjudicating Hook's guilt or innocence but not Johnson's—*Johnson would unconditionally testify for Hook* (his mother-in-law and grandmother to his children).") (emphasis added); *id.* at 4 ("A severance is the only way for Johnson to guarantee that Hook's testimony is available in his defense case; *at Johnson's separate trial, one in which Hook testifies in Johnson's defense—which Hook is willing to do for Johnson* (her son-in-law and the father of her grandchildren) (emphasis added); *id.* at 6 ("each defendant, through undersigned counsels, has proffered that he/she would testify at the other's *separate* trial."); Consolidated Reply [DE#84] at 36 (same). In a footnote in the *Opinion & Order*, the Court appeared to acknowledge the defendants' commitment to testify for each other at *severed* trials. DE#110 at 25 n. 21. Lest there be any doubt, defendants have executed a declaration reaffirming their commitment to testify at each other's severed trial. See **Exhibit 1**.

As defendants and counsel reside in the S.D. Fla. and must relocate to the S.D.N.Y for the trial, we request that the Court hold a telephonic status conference at the earliest available date (prior to the February 29 final pretrial conference) to discuss trial logistics. Undersigned are generally available for a telephonic conference on February 13, 14 and 15.

Respectfully submitted,

Howard Srebnick
Counsel for Robert Jeffrey Johnson

Alyssa Silvaggi
Counsel for Kathleen Hook

cc: All counsel by ECF

BlackSrebnick
CIVIL | CRIMINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CASE NO. 21-CR-428 (ER)

UNITED STATES OF AMERICA,

v.

ROBERT JEFFREY JOHNSON and
KATHLEEN HOOK.
_____/

### DECLARATIONS OF ROBERT JEFFREY JOHNSON AND KATHLEEN HOOK IN SUPPORT OF SEVERANCE

Pursuant to 28 USC section 1746, ROBERT JEFFREY JOHNSON and KATHLEEN HOOK declare under penalty of perjury as follows:

I read and authorized the filing of the joint motion to sever, DE#72, and the consolidated reply in support, DE#84, which accurately proffered:

    a. that I have not decided whether I will testify at a joint trial, as I may elect to exercise my Fifth Amendment right to remain silent before the jury that will render a verdict about my guilt / innocence;

    b. that I would testify at the severed trial of my co-defendant (before a jury *not* rendering a verdict about my guilt / innocence); and

    c. the subject matter of the testimony that I would give at a severed trial.

_____         _____
Robert Jeffrey Johnson                              Kathleen Hook

1